# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, et al.,<br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>ADAM ROCCO, et al.,<br>　　　Defendants. | CV 19-9285 DSF (PLAx)<br><br>JUDGMENT |

　　　The Court having granted Plaintiffs BMW of North America, LLC (BMW NA) and Bayerische Motoren Werke AG (BMW AG)'s Motion for Summary Judgment against Defendant Adam Rocco,

　　　IT IS ORDERED AND ADJUDGED that Plaintiffs are awarded $111,250.56 in damages against Defendant as the prevailing party on their claims for willful trademark infringement/counterfeiting pursuant to 15 U.S.C. § 1117(c)(2).

　　　Plaintiffs request for reasonable attorney fees in this exceptional case is also GRANTED pursuant to 15 U.S.C. § 1117(a). Plaintiffs shall submit evidence of their attorneys' fees within fourteen (14) days of entry of this Judgment pursuant to Fed. R. Civ. P. 54(d)(2).

　　　Defendant is restrained and enjoined, pursuant to 15 U.S.C. § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

1) copying, manufacturing, designing, importing, exporting, purchasing, marketing, advertising for sale, offering for sale, selling,

distributing drop-shipping or otherwise dealing in any product or service that uses, or otherwise makes any other unauthorized use of, any of BMW's trademarks, including but not limited to the BMW® (U.S.P.T.O. Reg. Nos. 0611710; 0613465; 1450212; 5333863; and 5333900) and M® (U.S.P.T.O. Reg. Nos. 1438545; 3526899; 3767662; 3767663; and 5522663) trademarks (collectively BMW Trademarks) and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any BMW Trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

2) advertising or displaying images and/or photographs of non-genuine BMW products using BMW Trademarks;

3) using BMW Trademarks, including but not limited to the BMW® and M® trademarks in advertising to suggest that non-genuine BMW products being advertised are sponsored by, endorsed by, or otherwise affiliated with BMW and/or advertising non-genuine BMW automotive parts using descriptions that imply that the products are genuine BMW products.  Defendant may, however, use "BMW," or other BMW wordmarks only to advertise non-BMW products for sale with fair use descriptions such as 'for BMW automobiles' or 'fits BMW model _____,' or similar language, provided that "BMW," or any other BMW wordmarks that are used are in the identical font, format, size, and color as, and no more prominently displayed than the surrounding text.  In no event may any BMW logo or M logo, design mark, or other graphical trademarks be used by Defendant under this exception;

4) performing or allowing others employed by Defendant or under Defendant's control, to perform any act or thing that is likely to injure Plaintiffs, any BMW Trademarks, and/or BMW's business reputation or goodwill.

5) engaging in any acts of trademark infringement, false designation of origin, dilution, unfair business practices under California law, or other act that would tend to damage or injure Plaintiffs; and/or

6) using any Internet domain name, URL or online seller name/ID that includes any BMW Trademarks.

Defendant is ordered to deliver to Plaintiffs immediately for destruction all infringing automobile parts and accessories bearing BMW Trademarks to the extent that any of these items remain in Defendant's possession, custody or control or come into Defendant's possession, custody or control after entry of this Permanent Injunction.

This Permanent Injunction shall be deemed to have been served on Defendant at the time of its filing. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant, and, pursuant to Rule 54(a) of the Federal Rules of Civil procedure, the Court directs immediate entry of this Permanent Injunction against Defendant.

Date: November 19, 2020

_____
Dale S. Fischer
United States District Judge